Concetta **COGEAN**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING, BOARD OF REVIEW.**

**No. 94–355–M.P.**

Supreme Court of Rhode Island.

May 31, 1995.

Robert E. Savage, Warwick, for plaintiff.

William G. Brody, Bd. of Review, Providence, for defendant.

OPINION

PER CURIAM.

This case came before a hearing panel of this court on a petition for certiorari to review a decision of the District Court upholding a decision of the Board of Review of the Department of Employment and Training, which denied unemployment compensation to the petitioner. Oral argument was presented to the hearing panel on April 18, 1995, pursuant to an order of the court that had required both parties to show cause why this petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the petition should be summarily decided.

We grant the petition for certiorari and quash the decision of the District Court. The facts of the case insofar as pertinent to this petition are as follows.

A dispute arose concerning the distribution of medications to residents by petitioner, Concetta Cogean, who had been employed by Golden Crest Nursing Home for twenty-four years. The employer contended that she quit her job without just cause. The petitioner claimed that she was discharged for failure to distribute medications at a time when her diabetic condition required that she take a scheduled lunch period. A referee of the Department of Employment and Training issued two decisions dated October 1, 1993. The first decision contained findings of fact that set forth the following:

"The claimant was asked by the Registered Nurse in charge to pass his medications. The claimant was employed as a Medication Technician. The claimant is diabetic. She needed to have lunch at 12:30. She went to the Director of Nursing and told her this. She was told to pass her own medication and to take her lunch at 12:30 and that the other medication would be taken care of. The claimant was upset and decided that she would finish her own medication and then leave. Because the claimant decided to leave her job without permission she was discharged."

The corrected decision contained the following findings of fact:

"The claimant was asked by the Registered Nurse in charge to pass his medications. The claimant was employed as a Medication Technician. The claimant is diabetic. She needed to have lunch at 12:30. She went to the Director of Nursing and told her this. She was told to pass her own medication and to take her lunch at 12:30 and that the other medication would be taken care of. The claimant was upset and decided that she would finish her own medication and then leave."

The corrected copy of the decision set forth somewhat different findings of fact but came to the same conclusion that petitioner had left work voluntarily without good cause and was, therefore, subject to disqualification pursuant to G.L.1956 (1986 Reenactment) § 28–44–17, as amended by P.L.1993, ch. 298, § 1 of the Rhode Island Employment Security Act and as a result was not entitled to receive benefits.

We have examined the transcript of the hearing before the referee and are led to the conclusion that the first finding of the referee was correct and that the second finding of the referee was not supported by the evidence elicited at the hearing. A reading of the transcript indicates very clearly that petitioner was ordered by a registered nurse to distribute additional medications. She declined to do so on the ground that because of medical reasons it was necessary for her to take her lunch period at 12:30 p.m. and that she could not distribute the additional medications in the time allowed. She then went to the office of the director of nursing, who began to suggest that an appropriate accommodation would be made so that she could take lunch at 12:30. However, when the director found that petitioner had refused instructions from the registered nurse, she told petitioner to "punch out" and not to return the next day.

 It is our belief that the finding of the referee that the petitioner had quit her job is clearly erroneous on examination of the full record. Since these findings are clearly erroneous, the trial judge in the District Court should have reversed the decision of the board of review. We find it totally incredible that an employee with twenty-four years of service would have voluntarily left her job in the circumstances described in the record of this case. We are also convinced that the employee was not guilty of misconduct within the definition of § 28–44–18. *See Turner v. Department of Employment Security, Board of Review*, 479 A.2d 740 (R.I. 1984).

For the reasons stated, the petition for certiorari is hereby granted. The decision of the District Court is quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon and with directions to enter judgment reversing the board of review and ordering that the petitioner be awarded benefits.

SHEA and BOURCIER, JJ., did not participate.